# EXHIBIT A



**Service of Process Transmittal**
03/15/2022
CT Log Number 541231777

| | |
|---|---|
| **TO:** | Maria Bustamante, Paralegal-Litigation<br>United Airlines, Inc.<br>609 MAIN STREET, 16TH FLOOR/HSCPZ<br>HOUSTON, TX 77002-3167 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | United Airlines, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AARON LEWIS MORROW, individually vs. UNITED AIRLINES, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CV2200390 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/15/2022 at 14:35 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/16/2022, Expected Purge Date: 03/21/2022<br><br>Image SOP<br><br>Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com<br><br>Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SUMM

# SECOND JUDICIAL DISTRICT COURT

## WASHOE COUNTY, STATE OF NEVADA

| | |
|---|---|
| AARON LEWIS MORROW, individually; <br><br>Plaintiff, <br><br>vs. <br><br>UNITED AIRLINES, INC., a Foreign Corporation; DOE EMPLOYEE, individually; DOE MANAGER, individually; DOES I – XX, inclusive; and ROE CORPORATIONS I – XX, inclusive, <br><br>Defendants. | CASE NO.: CV22-00390 <br>DEPT. NO.:   D1 <br><br><br><br>SUMMONS |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### UNITED AIRLINES

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
    b. Serve a copy of your response upon the attorney whose name and address is shown below.
2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.
3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

| | |
|---|---|
| Issued at the direction of: | CLERK OF COURT |
| By: __/s/Tex J. Boonjue__ <br> TEX J. BOONJUE, ESQ. <br> Nevada Bar No. 15016 <br> 6018 S. Ft. Apache Road, Ste. 150 <br> Las Vegas, NV 89148 <br> *Attorney for Plaintiff* | By: /s/ CHERYL SULEZICH  3/08/2022 <br> _____ <br> Deputy Clerk                    Date <br> County Courthouse <br> 200 Lewis Avenue <br> Las Vegas, NV 89155 |

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

Page 1 of 1

FILED
Electronically
CV22-00390
2022-03-08 04:03:13 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8934789 : csulezic

**COMP**
TEX J. BOONJUE
Nevada Bar No. 15016
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
tex@mwinjury.com
*Attorneys for Plaintiff*

## SECOND JUDICIAL DISTRICT COURT

## WASHOE COUNTY, STATE OF NEVADA

| | |
|---|---|
| AARON LEWIS MORROW, individually;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Foreign Corporation; DOE EMPLOYEE, individually; DOE MANAGER, individually; DOES I – XX, inclusive; and ROE CORPORATIONS I – XX, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, AARON LEWIS MORROW, by and through his attorney of record, TEX J. BOONJUE, ESQ. of MAINOR WIRTH, LLP, hereby complains and alleges against Defendants, and each of them, as follows:

///
///
///
///
///
///
///

Page 1 of 8

**I.**

**PARTIES AND JURISDICTION**

1. Plaintiff AARON LEWIS MORROW ("MORROW") is, and at all relevant times herein was, a resident of County of Washoe, State of Nevada.

2. Based upon information and belief, Plaintiff hereby alleges that Defendant UNITED AIRLINES ("UNITED") is, and at all relevant times herein was, a foreign corporation duly licensed and doing business in Chicago, State of Illinois.

3. Based upon information and belief, Plaintiff hereby alleges that Defendant DOE EMPLOYEE is, and at all relevant times herein was, a resident of the County of Washoe, State of Nevada. Upon information and belief, DOE EMPLOYEE was acting in the course and scope of his/her employment with Defendant UNITED with job duties and responsibilities that included, but were not limited to: creating a flight plan, considering aircraft performance, altitude and weather conditions, checking aircraft before every flight, ensure cargo weight doesn't exceed aircraft limits, communication with air traffic control to ensure safe takeoff and landing while staying reasonably and adequately informed and updated about Defendant UNITED safety measures and precautions, as well as any ongoing actual and potential hazards, in order to promptly address and remedy any hazards that could cause injury. Defendant DOE EMPLOYEE held this position and these job duties and responsibilities with the knowledge and consent at the direction of Defendant UNITED at the time of the subject incident leading to Plaintiff's injuries, so that Defendant UNITED is vicariously liable for Defendant DOE EMPLOYEE's actions and omissions at all relevant times under the doctrine of *respondeat superior*.

4. Based upon information and belief, Plaintiff hereby alleges that Defendant DOE MANAGER is, and at all relevant times herein was, a resident of the County of Washoe, State of Nevada. Upon information and belief, DOE MANAGER was acting in the course and scope of his/her employment with Defendant UNITED, with job duties and responsibilities that included, but were not limited to: being an assistant manager, department manager, and/or other type of supervising/managing employee or agent of Defendant UNITED; discussing with UNITED's

personnel who oversees design certification, installation, test and turn up, maintenance of equipment's and other activities involved in UNITED's Maintenance Department; overseeing, supervising, and providing training and/or direction to Defendant UNITED employees in the subject area to ensure that employees were performing their job duties and responsibilities as to cleaning, sweeps, maintenance, stocking products, and other duties in an appropriate, reasonable, and safe manner for UNITED's customers and the employees themselves; enforcing and ensuring compliance with Defendant UNITED'S policies and procedures regarding maintenances, safety measures and precautions in and around the aircraft, as well as disciplining employees for non-compliance and violations of Defendant UNITED's policies and procedures, and for not performing job duties and responsibilities; assigning a reasonable and adequate number of employees to upkeep the aircraft safely maintained; staying reasonably and adequately informed and updated about Defendant UNITED's safety measures and precautions, as well as any ongoing actual and potential hazards in and around the aircraft, in order to promptly address and remedy any hazards that could cause injury; and performing this job position, duties and responsibilities, *infra*, with the knowledge and consent and at the direction of Defendant UNITED at the time of the subject incident leading to Plaintiff's injuries, so that Defendant UNITED is vicariously liable for DOE MANAGER's actions and omissions at all times under the doctrine of *respondeat superior*.

5. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants, DOES I through XX, and ROE CORPORATIONS I through XX, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Based upon information and belief, Plaintiff hereby alleges that each of the Defendants designated as DOES I through XX and ROE CORPORATIONS I through XX are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as alleged herein. The legal responsibility of said Defendants DOES I through XX and ROE CORPORATIONS I through XX arises out of, but is not limited to, their status as owners, employees, managers, contractors, and/or installers, etc. and their maintenance, entrustment,

construction, installation, and/or service of the premises and/or the subject flooring within the premises, which Defendants, and each of them, were maintaining, controlling, constructing, installing, etc. at the time of the subject injury, or prior to, and/or their agency, master/servant or joint venture relationship with said Defendants. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants, and when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

6. Based upon information and belief, Plaintiff hereby alleges that at all relevant times, each of the Defendants, including such fictitiously named Defendants, were the agents and employees of each of the remaining Defendants and were at all times mentioned, acting within the course and scope of that agency and employment. Each of the Defendants authorized and ratified the acts of the remaining Defendants.

7. Defendants are jointly and severally liable for causing and/or contributing to the creation of the subject dangerous condition, to wit: failing to avoid a sudden hard landing and for causing and/or contributing to Plaintiff's injuries, treatment, and damages pursuant to NRS 41.130 and other Nevada law.

8. That all the facts and circumstances that give rise to the subject lawsuit occurred at 2001 E. Plumb Lane, within Washoe County, State of Nevada.

II.

**STATEMENT OF FACTS**

9. On or about March 12, 2020 Defendant UNITED, DOE EMPLOYEE, DOE MANAGER, DOES I through XX, and/or ROE CORPORATIONS I through XX were the owners and/or operators of the aircraft labeled as flight 5467 ("the subject premises").

10. On or about March 12, 2020 Defendant UNITED flight 5467 failed to approach the runway at an appropriate speed and altitude.

11. Defendant UNITED failed to avoid a sudden and hard landing.

12. Defendant UNITED failed to warn passengers that a hard landing was possible or

1 imminent.

2  13. Defendant UNITED failed to give appropriate and timely instructions to
3 passengers to brace for the hard landing.

4  14. On or about March 12, 2020 Plaintiff MORROW was a business invitee and/or
5 guest of Defendant and was legally upon the subject premises at the time of the subject incident
6 complained of herein.

7  15. On or about March 12, 2020, Plaintiff MORROW was aboard flight 546.

8  16. Plaintiff MORROW was not able to brace for the hard landing injuring his upper
9 thoracic spine.

10  17. Upon information and belief, Defendant DOE EMPLOYEE and/or DOE
11 MANAGER had notice of the dangerous condition prior to Plaintiff MORROW's injuries but
12 failed to give appropriate and timely instructions to passengers to brace for the hard landing.

13  18. Plaintiff MORROW sustained substantial bodily injuries as a result of the subject
14 incident.

## III.

### FIRST CAUSE OF ACTION
*(Negligence/Respondeat Superior as to all Defendants)*

19. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 18 above as if fully set forth herein.

20. At said time and place, Defendants, and each of them, owed a duty to Plaintiff to provide a safe environment and premises, and to take reasonable safety measures in the maintenance, and overall conditions of the aircraft, equipment and general area in and around the subject location to avoid injuries to Plaintiff.

21. Defendants breached that duty when they negligently and/or knowingly failed to maintain the aircraft, premises, and overall area in and around the location of the subject incident, and/or negligently create a hazardous condition in and around the area of the subject incident, which caused injury to Plaintiff.

22. In complete disregard of their duty, Defendants negligently and/or knowingly caused a dangerous condition to exist, resulting in injury to Plaintiff.

23. Furthermore, at all times relevant herein, Defendants were liable for the negligent acts of its agents/employees, who failed to maintain the aircraft, premises, and overall area in and around location of the subject incident, and/or negligently create a hazardous condition in and around the area of the subject incident, under the legal doctrine of vicarious liability/respondent superior.

24. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MORROW was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

25. As a further and direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MORROW incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

26. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

## IV.

### SECOND CAUSE OF ACTION
*(Negligent Hiring, Training, Retention and Supervision as to all Defendants)*

27. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 26 above as if fully set forth herein.

28. Defendant UNITED, DOES I through XX and/or ROE CORPORATIONS I through XX owed Plaintiff a duty to utilize reasonable application, screening, and hiring processes for all its employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

29. Defendants breached their duty by failing to utilize reasonable application,

screening, and hiring processes for its employees and such breach resulted in Defendants employing individuals without the necessary ability, knowledge, or skill to ensure that safety measures were in place to protect its patrons.

30. Defendants owed Plaintiff a duty to reasonably train their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

31. Defendants breached their duty to reasonably train their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

32. Defendants owed Plaintiff a duty to reasonably supervise their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

33. Defendants breached their duty to reasonably supervise their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

34. Defendants owed Plaintiff a duty to discharge or terminate their employee(s), who Defendants knew or reasonably should have known, was/were unfit to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

35. Defendants breached their duty to discharge or terminate their employee(s), who Defendants knew or reasonably should have known, was/were unfit to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

36. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MORROW was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to his general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

37. As a further and direct and proximate result of the negligence of Defendants, and each of them, Plaintiff MORROW incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

38. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to

prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Special damages in excess of Fifteen Thousand Dollars ($15,000.00);
3. Damages for cost of medical care and treatment and costs incidental thereto;
4. For reasonable attorney fees, costs of suit and interest incurred herein; and
5. For such other and relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his counsel of record, TEX J. BOONJUE. of the law firm of MAINOR WIRTH, LLP, hereby demand a jury trial in the above-entitled matter.

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the foregoing document does not contain the social security number of any person.

DATED this __8th__ day of March, 2022.

MAINOR WIRTH, LLP

_/s/ Tex J. Boonjue_
TEX J. BOONJUE, ESQ.
Nevada Bar No. 15016
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
*Attorney for Plaintiff*