UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AARON LEWIS MORROW, an individual, | Case No. 3:22-cv-00155-LRH-CSD |
| Plaintiff, | ORDER |
| v. | |
| UNITED AIRLINES, INC., a foreign corporation; DOE EMPLOYEE, an individual; DOE MANAGER, an individual; DOES I-XX, inclusive; and ROE CORPORATIONS I-XX, inclusive, | |
| Defendants. | |

Plaintiff Aaron Lewis Morrow initiated this action in the Second Judicial District Court for Washoe County, Nevada on March 8, 2022. Defendants filed a notice of removal (ECF No. 1) on April 4, 2022, asserting diversity jurisdiction. After review of the complaint and Defendants' notice of removal, the Court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case.

Subject matter jurisdiction based on diversity of citizenship exists when the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). To determine if the amount in controversy requirement is met, the Court first considers whether it is facially apparent from the plaintiff's state court complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If it is not facially apparent from the complaint, the defendant must prove by the preponderance of the evidence that the amount in controversy requirement is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The evidence presented must indicate that the amount of damages plaintiff seeks will,

more likely than not, satisfy the amount in controversy requirement. *See McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004).

Though it appears that the parties are of diverse citizenship,[1] it is not facially apparent from the complaint, nor have Defendants demonstrated, that the amount in controversy exceeds $75,000 exclusive of interest and costs.

Morrow's state court complaint alleges negligence/respondeat superior and negligent hiring, training, retention, and supervision. His prayer for relief demands (1) "General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000);" (2) "Special damages in excess of Fifteen Thousand Dollars ($15,0000);" (3) "Damages for cost of medical care and treatment and costs incidental thereto;" (4) "For reasonable attorney fees, costs of suit and interest incurred herein; and" (5) "For such other relief as the Court deems just and proper." ECF No. 1-1 at 11. Although Morrow seeks damages for medical expenses in addition to general, compensatory, and special damages, the mere possibility of a damages award is not sufficient to prove that the amount in controversy requirement has been satisfied. A reasonable inference from the allegations in the complaint is that the amount in controversy is less than the jurisdictional threshold. Accordingly, the Court finds that it is not facially apparent from the complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs.

The Court also finds that Defendants have not proven by a preponderance of the evidence that the amount in controversy requirement is satisfied. Defendants rely solely on the allegations in Morrow's complaint to prove that Morrow seeks damages that exceed $75,000. However, as the Court found above, the allegations in Morrow's complaint do not make it apparent that the amount in controversy requirement is satisfied. Without additional evidence, the Court cannot find that it has jurisdiction over this case.

The Court will provide Defendants additional time to present "summary-judgment-type evidence" to prove that the amount of damages Morrow seeks will, more likely than not, exceed $75,000 exclusive of interest and costs.

---

[1] Defendants allege that Morrow is a citizen of Nevada and that United Airlines is a Delaware corporation with its principal place of business in Illinois.

1  IT IS THEREFORE ORDERED that Defendant is granted twenty (20) days from entry of
2  this Order to establish the minimum amount in controversy for federal jurisdiction. Plaintiff is
3  granted ten (10) days to file an opposition. No reply is required.
4  IT IS SO ORDERED.
5  DATED this 11th day of April, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE